UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| J.P. MORGAN SECURITIES LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-10062-JEL-EAS |
| ) | Honorable Judith E. Levy |
| v. ) | |
| ) | |
| JOSEPH A. MICHAEL, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PRELIMINARY INJUNCTION

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys of record for Plaintiff, J.P. Morgan Securities LLC ("JPMorgan" or "Plaintiff") and Defendant, Joseph A. Michael ("Defendant"), as follows:

1. Defendant, and all those acting in concert with him, are temporarily enjoined and restrained, directly or indirectly, from:

   (a) soliciting, attempting to solicit, inducing to leave or attempting to induce to leave any JPMorgan client serviced by Defendant at JPMorgan or whose name became known to Defendant by virtue of his employment with JPMorgan (or any of its predecessors in interest); and

   (b) using, disclosing or transmitting for any purpose JPMorgan's documents, materials and/or confidential and proprietary information pertaining to JPMorgan, JPMorgan's employees, and/or JPMorgan's clients.

2. Notwithstanding the foregoing, nothing contained in this Stipulated Preliminary Injunction shall prohibit Defendant from making an announcement (to the extent not previously made) – whether by mail, email or phone – to any JPMorgan client serviced by Defendant at JPMorgan, informing them that Defendant is no longer employed by JPMorgan and providing them with his new contact information at Morgan Stanley Smith Barney LLC ("Morgan Stanley"), or from responding to client-initiated inquiries or requests from clients to transfer their accounts.

3. Within five business days of the execution by the parties of this Stipulated Preliminary Injunction, Defendant shall return to Plaintiff (through its undersigned attorneys, at the address identified below) all records, documents and/or information in whatever form (whether original, copied, computerized, electronically stored or handwritten), pertaining to JPMorgan's clients, employees and business in the possession, custody and/or control of Defendant that he obtained during his employment with JPMorgan (or its predecessors in interest), excluding documents and/or information (a) received by Defendant after he became employed by Morgan Stanley from JPMorgan's clients, or (b) obtained from publicly available sources after he became employed by Morgan Stanley (which were not made publicly available through any conduct by Defendant, and without using any JPMorgan records, documents, and/or information in whatever form, whether original, copied, computerized, electronically stored or handwritten).

4. This Stipulated Preliminary Injunction shall continue in full force and effect until such time as a FINRA Dispute Resolution arbitration panel rules on Plaintiff's request for permanent injunctive relief (either after a hearing on the merits or pursuant to an agreement between the parties).

5. Plaintiff and Defendant further stipulate that the parties waive their right to a hearing on Plaintiff's motion for a temporary restraining order or a preliminary injunction, and that this Court need take no further action on Plaintiff's request for a temporary restraining order or a preliminary injunction, or for expedited discovery. In light of the arbitration agreement binding the parties, the Court hereby stays this matter pending a determination of the merits by a FINRA arbitration panel.

6. Plaintiff and Defendant further stipulate that by entering into this Stipulated Preliminary Injunction, and by consenting to this Stipulated Preliminary Injunction being "So Ordered" by the Court, Defendant does not agree to or admit any liability or acknowledge any wrongdoing, nor shall entering into such Stipulated Preliminary Injunction be deemed to be an admission of any liability or acknowledgement of any wrongdoing by any party. Plaintiff and Defendant further stipulate that the Court, by "So Ordering" this Stipulated Preliminary Injunction, does not make any findings of fact or any determination as to liability, and further

it is not making any findings as to whether Defendant violated his agreements with Plaintiff.

7. This Stipulated Preliminary Injunction is binding on Defendant, his agents, and those in active concert or participation with him who receive actual notice of this order.

8. This Stipulated Preliminary Injunction is not a decision on the ultimate merits of this dispute and is without prejudice to the rights, remedies, claims, or defenses of any party hereto, and no party hereto shall argue in the FINRA arbitration that this Stipulated Preliminary Injunction precludes the making of any substantive argument in the FINRA arbitration.

9. This Stipulated Preliminary Injunction shall not prevent the FINRA arbitration panel from issuing any order on the appropriateness of permanent injunctive relief after a hearing on the merits or by agreement of the parties.

SO ORDERED.

Date: January 18, 2023

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

STIPULATED AND AGREED TO ON BEHALF OF THE PARTIES

| | |
|---|---|
| **ABBOTT NICHOLSON, P.C.** | **MIKA MEYERS PLC** |
| By: /s/ Timothy J. Kramer<br>Timothy J. Kramer (P36223)<br>1900 W. Big Beaver Rd., Ste. 203<br>Troy, Michigan 48084<br>(313) 566-2500<br>tjkramer@abbottnicholson.com | By: /s/ with consent Nathaniel R. Wolf<br>Nathaniel R. Wolf (P52017)<br>900 Monroe Avenue NW<br>Grand Rapids, Michigan 49503<br>(616) 632-8046<br>nwolf@mikameyers.com |
| **PADUANO & WEINTRAUB LLP**<br>Leonard Weintraub (NY Bar 2161479)<br>1251 Avenue of the Americas<br>9th Floor<br>New York, New York 10020<br>(212) 785-9100<br>lw@pwlawyers.com | **HENNEMAN RAU KIRKLIN & SMITH, LLP**<br>Matthew B. Henneman<br>(TX Bar 00790865)<br>815 Walker Street, Suite 1440<br>Houston, Texas 77002<br>(713) 955-6030<br>mhenneman@hrkslaw.com |
| *Attorneys for Plaintiff*<br>*J.P. Morgan Securities LLC* | *Attorneys for Defendant*<br>*Joseph A. Michael* |